JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andre Nesbit, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Dominos Pizzas LLC, et al., <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 2:23-cv-01280-ODW-JC <br><br> ORDER ON REQUEST TO PROCEED <br> *IN FORMA PAUPERIS* <br> (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

   ☒ The District Court lacks  ☒ subject matter jurisdiction  ☐ removal jurisdiction.
   ☒ The action is frivolous or malicious.
   ☒ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| March 10, 2023 | /s/ Otis D. Wright |
| Date | United States District Judge |

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). "Under 28 U.S.C. § 1331, federal courts 'have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022). Plaintiff "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

Plaintiff indicates on his civil cover sheet that he relies solely on diversity jurisdiction. (ECF No. 1-1 at 1.) Diversity jurisdiction requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Here, while Plaintiff has alleged an adequate amount in controversy, he states in both the cover sheet and his Complaint that Defendants are of the same citizenship of himself: California. (*Id.*; ECF No. 1 at 1). As such, there is no basis for diversity jurisdiction.

The Complaint also fails to establish any form of federal-question jurisdiction. As best as can be gleaned from Plaintiff's largely incomprehensible Complaint, his claims center on an online pizza order that went bad and resulted in the Defendant pizza restaurant deleting Plaintiff's order, refusing to serve him, and an employee making derogatory racial remarks. (ECF No. 1 at 3-5.) However, Plaintiff sues for intentional infliction of emotional distress and defamation, and those causes of action sound in state law, not federal law. (*Id.* at 1-5.) To be sure, Plaintiff contends that this Court "has subject matter Jurisdiction over the claims presented under . . . the California Constitution." (*Id.* at 1.) Plaintiff has failed to meet his burden of establishing jurisdiction in this Court. *See, e.g., Frysinger v. Mitchell*, 2022 WL 16574144, at *3 (D. Haw. Nov. 1, 2022) (intentional infliction of emotional distress and defamation "fall under state law" and do not provide any basis for federal-question jurisdiction); *Lopes v. Reddit, Inc.*, 2021 WL 7448608, at *1 (N.D. Cal. Aug. 3, 2021) (same).

Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction, and because it is frivolous and fails to state a claim upon which relief can be granted. *See Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) (district court properly dismissed as frivolous where "the complaint contains indecipherable facts and unsupported legal assertions"); *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

*(attach additional pages if necessary)*